## J. H. DUKE, Trustee, *v.* R. W. HALL.

1. BILLS AND NOTES. *Negotiable paper. Innocent holder.* Where an innocent holder of a note purchased the same for value before maturity, though the endorsement be unauthorized or forged, he gets a good title to the paper freed from all equities, if he had no notice of the defect in the title of the holder.

2. SAME. *Deed of trust. Mortgage. Registration.* A conveyance of negotiable paper, or chose in action, by mortgage or deed of trust, need not be registered.

   Cases cited: Allen *v.* Bain, 2 Head, 108; Mayer *v.* Pulliam, 2 Head, 350; Kelley *v.* Thompson, 2 Heis., 281.
   Code cited: Sections 51, 2003–4. Act of 1831–9.

### FROM MADISON.

Appeal from the Law Court. H. W. McCORRY, Judge.

CARUTHERS & MALLORY for plaintiff.

MUSE & BUFORD for defendant.

FREEMAN, J., delivered the opinion of the court.

J. W. Glass made an assignment in trust for the payment of debts to Duke, September 22, 1873. After conveying certain other property, he adds: "Together with all notes taken by me for the sale of real estate which I may have on hand, or which have not legally been transferred by me, and any surplus of any notes

Duke *v.* Hall.

which I have myself legally transferred as collateral security for other just and *bona fide* debts due by me or for which I am liable." This deed was duly registered in Madison county, where it was made, on the same day it was executed. This suit is brought by the trustee to recover the possession of a note made by A. D. Hurt, on 22d April, 1873, and January 1st, 1874, payable to Allen Deberry, and by him endorsed to J. W. Glass. This note was given for real estate purchased by Deberry from Glass, and transferred to Glass before he made his assignment to plaintiff. The suit is an action of detinue to recover the note, with damages for its detention. The pleas put in issue the right of the plaintiff to recover, by a general denial of the detention, and one, that the note is not the property of the plaintiff. The real question before us is, whether the plaintiff shows himself entitled to recover the possession of the note in controversy.

The first question we notice grows out of the following assumed state of facts: This note had been placed in the safe of a son of J. W. Glass, J. E. Glass, and was under the control of John E. Glass. John E. Glass, some thirty or forty days before the assignment by his father, placed this note in the hands of Blakemore Bros. & Co., as collateral for a debt due them by the firm of which he was a member, endorsing it in the name of J. W. Glass. This endorsement is assumed to have been without authority from J. W. Glass. On 25th of September, two days after making the deed of trust, J. W. Glass gave to Blakemore

Bros. & Co. an instrument by which he acknowledged that John E. Glass did have authority to endorse the note, and fully ratified the transfer made by him. On the 27th of September, Mr. Hall, the defendant, purchased the debt of Blakemore Bros. & Co., paying full value for the same, and took the note of Hurt, which was pledged as collateral for its security. We may assume for the present that he is a purchaser of the note for value, or at any rate a holder for value. Laying aside for the present the questions as to suffi-ciency of the description of the note to pass Glass' interest in the same, and the effect of registration of the deed as giving constructive notice of the convey-ance of the note to the trustee, what would be the rights of Hall on the above facts? The note had been transferred to Blakemore Bros. & Co., and was in their possession Assume the endorsement of J. E. Glass was unauthorized, even a forgery, it can scarcely be questioned, that if Hall purchased it for value, *without notice of defect in the title of the holder*, he would take it freed from all equities. " The *bona fide* holder can recover on the paper, and gets a good title to it, though it come to him from a party who had stolen or robbed it from the true owner, provided he took it innocently in the due course of trade, for a valua-ble consideration, not overdue, and under circumstances of due caution, and he need not account for his pos-session of it, unless suspicion is raised." 3 Kent's Com., 78–79. On these well-established principles, Hall would get an unimpeachable title to the note, unless charged with notice of the defect of title on

the part of the party from whom he purchased; and this cannot be maintained in the face of the verdict of the jury in this case, nor probably on the testimony, independent of the verdict. We are unable to see how Duke could recover against Hall; conceding, but not deciding, that the description of the note in the deed of trust is sufficient to pass the right of J. W. Glass to it, he could but stand as an assignee, in the shoes of Glass, and could stand no higher. Negotiable paper, as this is, can only be endorsed so as to convey the legal title to the endorser, by a transfer on the instrument itself, or on a paper appended thereto, know as an *allonge;* and the transfer of an note or bill by a separate writing or oral agreement, will not enable the assignee to sue in his own name, or confer any better right than that held by the assignor. See Am. L. Cases, vol. 2, pp. 228, 229, and authorities cited. This being so, it follows, if Glass himself could not have sued for the paper, Duke, his assignee under the deed of trust, would stand in no better position; the paper being out in the commercial world and not due, was liable to be validly transferred to any *bona fide* purchaser, and he get a good title.

This brings us to the question of the effect of registration of the deed, assuming, as we have said, that the description of the note is sufficient to pass the interest of Glass as assignee to the trustee. Before the Code, we consider this question was settled by the case of *Allen* v. *Bain et als.,* 2 Head, 108, and *Mayer & Co.* v. *Pulliam et als., ibid,* 350, and that such a transfer of negotiable paper or chose in action was

not required to be registered, and consequently, "the fact of registration did not operate as notice." We have followed this view in the case of *Kelley, Ex'r,* v. *Thompson,* 2 Heis., 281, since the Code, saying there was but little difference between the act of 1831 and 1839 and the Code, and no difference in their meaning. It is probably true the precise point now made was not then suggested, based on the definitions of the Code, sec. 51, that the words " personal property includes slaves, money, goods, chattels, things in action, and evidences of debt;" yet, conceding the difficulty presented when taken in connection with our general registration laws, still we think sections 2003 and 2004 of the Code are conclusive of this aspect of the case. The first section found in a chapter entitled " Of Personal Property," provides, " all mortgages and trusts of personalty shall be in writing, and proved and registered as hereinafter provided, to be valid against the creditors of the bargainor or purchaser under him for value, and without notice." The next section is, " the provisions of the foregoing section do not apply to choses in action;" that is, a mortgage or deed of trust of these need not be registered, and are thus excepted out of the general provision on the subject. Registration, therefore, not being required as to choses in action, can have no effect as notice of the title thus acquired, that is by mortgage or deed of trust.

As to the question of the sufficiency of the description of this note to give notice of its transfer by registration, we need express no definite opinion on the subject, as the decision of the question as to ne-

cessity and effect of registration above, renders the question unimportant, and we do not decide it.

It might be thought, from the rule we have cited, that the legal title to negotiable paper does not pass to the assignee except by endorsement on the paper, or appended to it, that the plaintiff would not be entitled to sue for the note in any way. But we take it, the distinction is between suing for the paper, and the right to sue upon it in the name of the assignee; suing for it in detinue, would depend on the right to possession of the paper; suing on the paper, depends on the legal transfer in such form as to vest the legal title in it, by the law merchant.

On the whole case, we are satisfied with the verdict and judgment of the court below, and affirm the same.